William L. Leino v. Commissioner.
Leino v. Commissioner
Docket No. 47075.
United States Tax Court
1953 Tax Ct. Memo LEXIS 19; 12 T.C.M. (CCH) 1416; T.C.M. (RIA) 53409; December 17, 1953
*19 Held, during 1950, petitioner contributed more than 50 per cent of the support of his three minor children and is entitled to dependency credits therefor. Fred M. Winner, Esq., Equitable Building, Denver, Colo., for the petitioner. Frank C. Conley, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of petitioner for the calendar year 1950 in the amount of $489.13. The question presented is whether petitioner contributed more than one-half of the support of *20 his three minor children during the taxable year thereby entitling him to claim dependency credits therefor in such year. Findings of Fact A portion of the facts was stipulated. Such facts are so found and included herein by this reference. The petitioner, William L. Leino, is a resident of Denver, Colorado. He filed his individual income tax return for 1950 with the collector of internal revenue for the district of Colorado at Denver. Petitioner and Rose H. Leino (hereinafter called Rose) were divorced by interlocutory decree dated August 7, 1950. Rose was granted custody of the three children born of the marriage, which children have lived with their mother at all times material hereto. No provision was made in the decree for payment of alimony. The decree only provided: * * *
"* * * that the defendant pay unto the plaintiff the sum of One Hundred and Seventy Dollars ($170.00) per month for the support and maintenance of the three minor children of the parties hereto; furthermore, plaintiff shall pay out of said sum of $170.00 the monthly payments due on the home which plaintiff occupies." During the taxable year, Rose and the three children continued to reside in *21 the family home which was held in joint tenancy with petitioner until it became the latter's property through a subsequent property settlement. Pursuant to the foregoing decree and to a temporary support order of the Court, dated November 28, 1949, respecting the children, petitioner, during 1950, paid Rose a total of $2,040. He also paid a doctor bill in the amount of $51 for treatment of the children, as well as a health insurance premium of $78, of which $35.10 is applicable to the cost of such insurance for the children. During 1950, Rose incurred and paid the following expenses: House payments
$ 777.19
Utilities
220.89
Groceries
1,250.07
Housekeeper
228.00
Repair expense
94.80
Medical expenses
234.36
Clothing
430.56
Recreation
471.74
Musical education
269.00
Daughter's bed
72.05
Baby sitter
88.00
Educational insurance policy
554.00
Laundry
57.03
$4,747.69
Based upon our analysis of the above items and all other evidence of record, we find as an ultimate conclusion of fact that, of the expenses incurred and paid by Rose in 1950, $3,462.89 is properly attributable to the cost of supporting the three minor children of petitioner and *22 his ex-wife, and that petitioner contributed at least $1,815.22, or more than 50 per cent thereof. Opinion VAN FOSSAN, Judge: The sole dispute here is whether petitioner, during the taxable year, contributed more than 50 per cent of the support of his three minor children, thereby entitling him to three dependency credits therefor in such year pursuant to section 25 (b), Internal Revenue Code. [1]
*23 The question presented is entirely one of fact and based upon the evidence in the record before us, we have determined and found as a fact that petitioner, during the year in question, contributed more than 50 per cent of the support of his children. We, therefore, here hold that he is entitled to the three dependency credits sought. Decision will be entered for the petitioner. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year. * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, * * * ↩